IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL CASE NO. |
| v. | |
| | 1:04-cr-251-JEC-ECS |
| MICHAEL A. DIAZ, | |
| Defendant. | |

**ORDER**

This case is before the Court on the Magistrate Judge's Reports and Recommendations [245, 265] recommending that the defense of insanity be excluded at trial and granting the Government's Motion to Involuntarily Medicate Mr. Diaz [227]. On December 17, 2013, defendant filed Objections [245] to the Report and Recommendation [245]. On June 26, 2014, defendant filed Objections [269] to the Report and Recommendation [265]. The Court has reviewed the magistrate judge's Report and Recommendation [265] recommending that the defendant be involuntarily medicated, and it finds the magistrate judge's conclusions to be well-founded.

The Government's motion to exclude the defense of insanity [231] shall remain pending until the defendant is found competent to stand trial. Within **thirty days** of that date, the Government or defendant shall, if appropriate, supplement this motion. Counsel for the Government should first advise the defendant whether its motion will

AO 72A
(Rev.8/82)

be supplemented and, if so, defendant may be allowed to file its own supplementation in response.

It is therefore Ordered that the Court **ADOPTS** the Magistrate Judge's Reports and Recommendations [245, 265] and the Government's Motion for Order Authorizing Defendant's Involuntary Medication During Pre-Trial Detention and Disclosure of Sealed Forensic Documents [227] is **GRANTED.**

The defendant shall be hospitalized for treatment in a suitable facility, preferably the United States Medical Center for Federal Prisoners in Springfield Missouri. The medical facility is **DIRECTED** to re-commence the medication of Mr. Diaz in accordance with te medical plan described by Dr. Dorney in her report and in her testimony at the Sell hearing, and as deemed medically appropriate by the medical staff at the institution, taking into consideration Mr. Diaz's prior medical history and treatment plan.  The medication may be administered involuntarily if Mr. Diaz refuses to accept the medication, and, in any event, it should be administered in a manner to ensure that Mr. Diaz receives and fully ingests the appropriate dosages.

Once Mr. Diaz is restored to competency, his medication should **NOT** be discontinued without Court order and it shall be maintained under the supervision of the United States Marshal Service and/or the detention facility to which he is returned upon such a finding of competency, **unless and until the Court directs that the medication be**

2

ceased.  The Government shall insure that the United States Marshals Service receive a copy of this Order now <u>and at the time</u> that the defendant is returned to this district for a competency hearing.

Excludable time shall continue to run from December 9, 2011 until defendant is deemed to be competent to stand trial, pursuant to 18 U.S.C. § 3161 (h)(1)((A)(delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant) and (h)(4) (any period of delay resulting from the fact that the defendant is mentally incompetent to stand trial).

**Beginning on November 3, 2014**, counsel for the Government shall update the Court every two months as to the status of the defendant's condition. The Clerk shall submit this case to the Court on November 3 and every two months thereafter.

So Ordered, this 7th day of August, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
Circuit Judge, sitting by
designation as District Judge

3